IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AGNES L. CASON, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 3:09-cv-885-MEF |
| | ) |
| WESTERN HERITAGE INSURANCE, | ) (WO-Not Recommended for Publication) |
| COMPANY and ROBBINS HOME | ) |
| CENTER, LLC, | ) |
| | ) |
|     DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Plainitff's Motion to Remand (Doc. # 10-2) filed on October 12, 2009. This lawsuit was originally filed in the Circuit Court of Lee County, Alabama. Arguing that Plaintiff had fraudulently joined Defendant Robbins Home Center, LLC ("RHC"), Defendant Western Heritage Insurance ("Western") removed the action from state to federal court. Plaintiff seeks remand of this action contending that RHC was not fraudulently joined. For the reasons set forth in this Memorandum Opinion and Order, the Court finds that the Plaintiff's Motion to Remand is due to be GRANTED.

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)*; Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*,

511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that this a court has subject matter jurisdiction over an action. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Here, the removing defendant argues that removal was proper because the Court has jurisdiction over this case due to diversity of citizenship. The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 292 F.3d 1334, 1337 (11th Cir.2002).

From the Complaint it appears that there is not complete diversity of citizenship in this case because Plaintiff and RHC are both residents of Alabama for purposes of determining diversity jurisdiction. Western argues that, due to the fraudulent joinder of RHC, the Court should disregard the citizenship of RHC for purposes of diversity jurisdiction or, in the alternative, realign RHC as a party plaintiff and conclude that complete diversity between

the parties exists. *See, e.g., Owens v. Life Ins. Co. of Ga.,* 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1247 (M.D. Ala. 2001) (("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship."). Thus, in order to determine whether complete diversity exists in this case, the Court must address the issue of fraudulent joinder.

As the United States Supreme Court has long recognized, a defendant's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant[1] . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts . . . [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs*, 154 F.3d at 1287. A removing defendant bears the burden of proving fraudulent

---

[1] "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original).

joinder.  *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).  This burden on the defendant is a heavy one.  It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff.  *See id*.  If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court.  *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).[2]  In other words, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant."  *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,1561 (11th Cir. 1989).

The Court has carefully reviewed the claims against the resident defendant and the arguments of the parties, and it must conclude that RHC has not been fraudulently joined as a defendant to this action and that it need not be realligned as a plaintiff.[3]  Plaintiff brought

---

[2]  It is important to note that the Court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker*, 709 F.2d 1433, 1440 (11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'. . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."  *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

[3]  Because of the Court's conclusion that the diversity of citizenship requirement has not been met, it need not and will not address the other arguments presented by defendant in support of the removal.

this suit against RHS and its insurer, Western, pursuant to Alabama Code § 27-23-2. This statute provides that

> [u]pon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

Ala. Code § 27-23-2. In this case, Cason is a judgment creditor who has brought suit against RHC and Western just as this provision specifies. Indeed, Alabama cases applying this statute require Cason to bring suit against both RHC and Western. Western argues that under the settlement agreement Cason may not recover the judgment from RHC and that such a situation means that Cason has no right to bring this action against RHC. The law of this circuit requires this Court to remand if plaintiff has a mere possibility of stating a valid cause of action, not if the plaintiff is likely to win the case and recover from the allegedly fraudulent defendant. Based on the foregoing, the Court concludes that RHC was properly named as a defendant to this action and that diversity of citizenship is not present. Therefore, this Court lacks subject matter jurisdiction to entertain this suit. Accordingly, this Court must remand the case to the Circuit Court of Lee County, Alabama.

For the foregoing reasons, it is hereby ORDERED as follows:

(1) Plaintiff's Motion to Remand (Doc. # 10-2) is GRANTED.

(2) This case is REMANDED to the Circuit Court of Lee County, Alabama.

(3) The Clerk is DIRECTED to take appropriate steps to effect the remand.

(4) Any pending motions other than the motion to remand are left for resolution by the Circuit Court of Lee County, Alabama.

DONE this the 23rd day of November, 2009.

                                                      /s/ Mark E. Fuller
                                         CHIEF UNITED STATES DISTRICT JUDGE